**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| **HEARTHWARE, INC.,** | ) | |
| **An Illinois corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **11 CV 6271** |
| | ) | **Judge Samuel Der-Yeghiayan** |
| **v.** | ) | **Magistrate Arlander Keys** |
| | ) | |
| **SCRIPT TO SCREEN PRODUCTIONS,** | ) | |
| **d/b/a SCRIPT TO SCREEN, INC.,** | ) | |
| **A California corporation,** | ) | |
| **Defendant.** | ) | **Jury Trial Requested** |

**SCRIPT TO SCREEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Script to Screen Productions ("STS") hereby submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint of Hearthware, Inc. ("Hearthware") pursuant to Fed. R. Civ. P. 12(b)(6).

**PRELIMINARY STATEMENT**

According to Hearthware's Complaint, Hearthware entered into an agreement with STS to provide pre-production services for an infomercial. Although a final production agreement was not signed, the parties contracted for provision of the related pre-production services by STS to Hearthware. In fact, the written pre-production agreement is attached as an exhibit to the Complaint. Pursuant to the agreement of the parties, Hearthware paid money to STS to cover the pre-production costs of developing the infomercial. Hearthware alleges that STS somehow did not satisfy its obligations under the contract, or that Hearthware somehow overpaid for the services provided by STS.

STS, if called upon to answer the Complaint, would counter that it performed its obligations to provide pre-production services to Hearthware, including the development of

numerous drafts of a script and budget, and the construction of the components of a set for

filming the infomercial. STS would allege that the value of the goods and services provided to

Hearthware under the pre-production agreement equals or exceeds the $150,000 that Hearthware

paid to STS. But that is not the issue on this Motion To Dismiss.

The issue is that the "facts" alleged in Hearthware's Complaint are insufficient to

support the causes of action contained in Hearthware's Complaint. For reasons that remain

unclear, while Hearthware's factual allegations seem to argue that STS somehow did not perform

as promised under a contract, Hearthware nevertheless has not asserted a breach of contract

cause of action in its Complaint. Rather, it has alleged causes of action for unjust enrichment,

violations of consumer fraud laws, conversion, promissory estoppel and breach of fiduciary duty.

Under Illinois law, these legal theories do not apply where a contract exists between the parties.

Accordingly, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to

state a claim upon which relief may be granted.

## I.  LEGAL STANDARDS

In ruling on a motion to dismiss brought under section of Fed. R. Civ. P. 12(b),

a court must accept all well-pleaded facts in the complaint as true.  See Moranski v. Gen.

Motors Corp., 433 F.3d 537, 539 (7th Cir. 2005).  Documents attached to the complaint

are considered part of the complaint. Moranski, 433 F.3d at 539 (citing Fed. R. Civ. P.

10(c)).  Rule 12(b)(6) permits courts to dismiss meritless cases that waste judicial resources and

result in unnecessary discovery.  See Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

The complaint must contain allegations "showing that the pleader is entitled to

relief," Fed. R. Civ. P. 8(a)(2). The plaintiff must plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct.

1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the

speculative level" such that they "raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." <u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. at 1965.  Further, a complaint is not sufficient if it merely recites the elements of a cause of action supported by nothing more than conclusory statements.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

## II.  THE CONTRACT

The parties entered into an agreement for pre-production infomercial services (the "Contract") dated September 3, 2010.  A copy of the Contract is attached to the Complaint as Exhibit A.  In fact, paragraph 11 of the Complaint states that Hearthware entered into the Contract for the purpose of "production of an infomercial."  As is stated in the Contract, upon "receipt of a $25,000 deposit, Script to Screen will begin preproduction elements of the IBC-Hearthware infomercial."  The Contract also identifies a set of pre-production services to be performed for Hearthware.  The Contract was signed and dated by both parties.

Hearthware paid the initial $25,000 deposit called for the by Contract to STS. Complaint, ¶ 14.  STS also invoiced Hearthware for a second deposit of $125,000 to cover additional costs of pre-production services which Hearthware also paid.  Complaint, ¶¶ 19-22. The real dispute at issue is whether the $150,000 transferred to STS was used to cover the costs of the services and goods provided to Hearthware (including the set constructed by STS and referred to in the Complaint at ¶¶ 25, 29-30).

## III.  UNJUST ENRICHMENT

Under Illinois law, unjust enrichment is not a viable cause of action if a contract exists between the parties.  <u>Utility Audit v. Horace Mann Service Corp.</u>, 383 F.3d 683, 688-89 (7th Cir. 2004) ("when two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the contract.")  <u>See also</u>, <u>Heavy v.</u>

Ehret, 166 Ill. App. 3d 347, 355, 519 N.E.2d 996 (1988). Unjust enrichment claims are

prohibited for those bound by contract to prevent those whose expectations were not met under

the contract from nonetheless recovering outside the contract. Utility Audit, 383 F.3d at 689.

The second $125,000 deposit payment referred to in the Complaint is not

referenced in the Contract. However, in determining if a dispute "falls outside the contract" the

subject matter controls and not "whether the contract contains terms or provisions related to the

claim." Utility Audit, 383 F.3d at 689. The Complaint states without equivocation that the

$125,000 second deposit was transferred to STS as a part of its work on the infomercial. See

Complaint ¶ 19. Therefore the payment of the $125,000 falls within the subject matter of the

Contract – the production of an infomercial.

The allegations in the Complaint revolve around the Contract which was for pre-

production infomercial services. Because the parties were bound to the Contract, unjust

enrichment is an untenable cause of action and Count I of the complaint must be dismissed.

Heavy v. Ehret, 166 Ill. App. 3d at 355, 519 N.E.2d at 1001.

## IV.    ILLINOIS CONSUMER FRAUD ACT

The same principal that prohibits Hearthware from maintaining an unjust

enrichment claim bars it from the seeking recovery based upon the Illinois Consumer Fraud Act

("ICFA"). Illinois case law holds that the ICFA does not apply if a contract exists between the

parties. Village of Pawnee v. Azzarelli Constr., 183 Ill. App. 3d, 998. 1026, 539 N.E.2d 895,

913 (Ill. App. 4th Dist. 1989) (holding that "[o]ur courts have held that the Act should not apply

to simple breach of contract claims.") See also, Nilsson v. NBD Bank of Illinois, 313 Ill. App.

3d 751, 765, 731 N.E.2d 774, 785 (1999). Illinois courts hold that if a claim under ICFA were

permissible for breach of contract claims, every contract case would have an "additional and

redundant remedy." Id. Accordingly, no facts alleged in the Complaint can support possible

recovery under ICFA. Under Fed. R. Civ. P. 12(b)(6), Count II of the Complaint must be

dismissed. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

## V.     PROMISSORY ESTOPPEL

Like unjust enrichment and ICFA, promissory estoppel is another legal theory that

allows for recovery *in the absence* of a contract. Gold v. Dubish, 193 Ill App. 3d 339, 345, 549

N.E. 2d 660, 662 (Ill. App. 5th Dist. 1989). (Ill. App. 5th Dist. 1989). See also, Quake

Construction v. American Airlines, 141 Ill. 2d 281, 310, 656 N.E.2d 990, 1004 (1990).

Promissory estoppel cannot apply in this case because the parties clearly intended to be bound by

the Contract. As stated in the Contract, "[e]ach party acknowledges its authority to bind its

respective firms." Both Hearthware and STS signed the Contract intending to be bound by its

terms. Being bound by the Contract, quasi-contract theories of recovery like promissory

estoppel cannot be supported by any set of facts plead by Hearthware. Id. Count III must

therefore be dismissed under Fed. R. Civ. P. 12(b)(6).

## VI.     CONVERSION

The existence of the Contract also blocks the fourth cause of action alleged in the

Complaint – conversion. Conversion is a tort theory under which one person deprives another of

his property and does so intentionally. In re Thebus, 108 Ill. 2d 255, 259, 483 N.E.2d 1258,

1260 (1985). Money can only be the subject of a conversion claim if the money is "specific

chattel." Id.

To be specifically identifiable as chattel, money must be in a "specific fund" or

"specific money in coin or bills." Sunderland v. O'Malley, 882 F.2d 1196, 1200 (7th Cir. 1989)

(citing Mid-America Fire and Marine Ins. v. Middleton, 127 Ill. App. 3d 887, 468 N.E.2d 1335

(Ill. App. 4th Dist. 1984)). A mere obligation to pay money is insufficient to support an action for conversion. Thebus 108 Ill. 2d at 1260.

The Complaint contains no allegations that the funds transferred to STS pursuant to the Contract were "specifically identifiable money or coins." The Complaint contains no allegations that STS maintained the money in any special account segregated from other funds. The Complaint contains no allegations that the parties agreed that the monies be specially handled or deposited. Similarly, the Complaint contains no allegations that Hearthware requested that the $150,000 be deposited in any special account segregated apart from other monies. The Complaint contains no allegations characterizing the transferred $150,000 as "specific money in coin or bills."

The monies at issue are not "specifically identifiable coins or bills." Under the pleading standard established by Twombly and Iqbal, Hearthware has not alleged "enough facts to state a claim to relief that is plausible on its face" to support a claim for conversion of money under Illinois law. Count IV of the Complaint must therefore be dismissed under Fed. R. Civ. P,. 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

## VII.    BREACH OF FIDUCIARY DUTY

Under Illinois law, a party must allege the following to maintain a cause of action for breach of fiduciary duty: (i) existence of a fiduciary duty, (ii) a breach of that duty, and (iii) damages proximately caused by the breach. Zurich Capital Markets v. Coglianese, 332 F. Supp. 2d 1087, 1120 (N.D. Ill. 2004). Under well-established Illinois case law, parties to an arm's length contract do not have fiduciary duties to each other. Bixby Food Systems v. McKay, 985 F. Supp. 802, 808 (N.D. Ill. 1997). A businessman merely placing trust in another businessman is not sufficient to establish a fiduciary relationship between the parties. Id.

Rather, to establish a fiduciary relationship, one party must hold a position of dominance over the other which creates a special relationship of trust and confidence. Pommier v. Peoples Bank of Marycrest, 967 F.2d 1115, 1119 (7th Cir. 1992). The factors analyzed to determine the existence of a fiduciary relationship are (i) the degree of kinship of the parties, (ii) the disparity in ages of the parties, (iii) the parties' health and mental condition, (iv) the level of education and business experience of the parties, and (v) the extent to which the subservient party entrusted itself to the other. Pommier, 967 F.2d at 1119. Moreover, existence of a fiduciary relationship must ultimately be proven by clear and convincing evidence. Santa Claus Industries v. First National Bank, 216 Ill. App. 3d 231, 238, 576 N.E.2d 326, 330 (Ill. App. 1991).

The Complaint contains no allegations that STS held a position of dominance over Hearthware creating the special trust and confidence that define a fiduciary relationship. In the Complaint, Hearthware has engaged in the type of pleading expressly proscribed by the Supreme Court in Iqbal and Twombly. Hearthware has simply parroted the elements of a breach of fiduciary duty without alleging any specific facts supporting the existence of a fiduciary duty on the part of STS. As stated above, parties to a contract normally have no fiduciary duties to each other under the law of Illinois. Bixby Food Systems v. McKay, 985 F. Supp. at 808. Because Hearthware has made no allegations supporting the existence of a fiduciary relationship between itself and STS, Count V of the Complaint must be dismissed.

WHEREFORE, premises considered, Script to Screen Productions hereby respectfully requests that the Complaint be dismissed in its entirety. STS also seeks such other and further relief to which it may show itself to be entitled.

Submitted this 28th day of October, 2011.

<div style="margin-left:40%">

Respectfully submitted,

/s/ William P. Oberhardt
William P. Oberhardt
Attorney ID No. 3122407
WILLIAM P. OBERHARDT, LLC
70 West Madison St., Suite 2100
Chicago, IL 60602
Telephone: (312) 251-1100
Facsimile: (312) 251-1175

*Attorney for Defendant*
*Script To Screen Productions, d/b/a*
*Script To Screen, Inc.*

</div>

Of Counsel:
Frederick W. H. Carter
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2011, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, to be served by operation of the Court's electronic filing system upon all counsel of record, including the following:

Lewis T. Steadman, Jr.
1795 North Butterfield Road
Libertyville, Illinois 60048
(847) 596-6709
Email: lewis@hearthware.com

*and.*

Joseph William Vucko
1795 North Butterfield Road
Libertyville, Illinois 60048
(847) 596-6709
Email: joseph@hearthware.com

*Attorneys For Plaintiff*
*Hearthware, Inc.*

/s/ William P. Oberhardt
William P. Oberhardt
Attorney ID No. 3122407
WILLIAM P. OBERHARDT, LLC
70 West Madison St., Suite 2100
Chicago, IL 60602
Telephone: (312) 251-1100
Facsimile:  (312) 251-1175

*Attorney for Defendant*
*Script To Screen Productions, d/b/a*
 *Script To Screen, Inc.*